UNTED STATED DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEISHA ALLEN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14-cv-00420-CEJ |
| BAYER HEALTHCARE PHARMACEUTICALS INC., | ) |
| Defendant. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S MOTION FOR STAY**

COME NOW Plaintiffs and for Plaintiffs' Memorandum of Law in Opposition to Defendant Bayer Healthcare Pharmaceuticals Inc.'s Motion for Stay state as follows:

**BACKGROUND**

1. On February 1, 2013, Plaintiffs filed this drug product liability action in the Circuit Court for the City of St. Louis against Defendant Bayer Healthcare Pharmaceuticals Inc. ("Bayer") for injuries they suffered from the Mirena IUS, an intrauterine contraceptive system mass produced and mass marketed by Defendant nationwide. Plaintiffs assert strict liability, failure to warn and negligence theories arising out of the same operative liability and causation facts.

2. On March 6, 2014, Defendant removed (for a second time), asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 based on the fraudulent "misjoinder" theory as its sole ground for diversity/removal jurisdiction. In addition to removing, Defendant has moved for a stay pending a transfer order to the Mirena MDL in the United States District Court for the Southern District of New York.

1

3. Defendant's Motion to Stay should be denied because a) Plaintiffs' Motion to Remand is meritorious; b) the JPML recommends deciding motions to remand prior to transfer; c) it is common practice for United States District Courts to rule on motions to remand before considering stays, because if the federal court has no jurisdiction, then the Court can neither stay nor transfer the case to the MDL; and d) judicial economy will best be served by a prompt ruling on Plaintiffs' meritorious motion to remand.[1]

## I. PLAINTIFFS' MOTION TO REMAND IS MERITORIOUS.

4. As set out more fully in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand (*Doc. 14*), Defendant did not remove within 30 days of receiving Plaintiff Pamela Barlow's medical records (the "other papers" it relies on in seeking diversity jurisdiction) as required by 28 U.S.C. 1446. Further, Plaintiff Barlow cannot be disregarded for purposes of diversity jurisdiction because she has a colorable claim under Delaware law and Defendant's removal is unsupported by affidavits or other evidence, and is based on nothing more than argument. The relevant facts and evidence, including Plaintiff Pamela Barlow's medical records and testimony, demonstrate that the statute of limitations for her claims has not run under Delaware law. See *Doc. 1-4, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand in Allen I*. For these reasons, Plaintiffs' Motion to Remand has palpable merit and Defendant's Motion to Stay should be summarily denied.

5. Plaintiffs' Motion for Remand and Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand are adopted and incorporated herein by reference. *Docs. 13 and 14.*

---

1. This Honorable Court rejected Bayer's Motion for Stay in this same case during the first removal in Allen v. Bayer Healthcare Pharms., Inc., 2014 U.S. Dist. LEXIS 21057 (E.D. Mo. Feb. 20, 2014) ("Allen I").

## II. THE JPML PREFERS THAT DISTRICT COURTS RULE ON REMAND MOTIONS BEFORE TRANSFER TO AN MDL PROCEEDING.

6. In State of Missouri ex rel. Nixon v. Mylan Laboratories, Inc., 4:06CV603 HEA, 2006 WL 1459772 at 1-2 (E.D. Mo. May 23, 2006), this Court noted that it had received a letter from the Honorable Wm. Terrell Hodges, Chairman of the Judicial Panel on Multidistrict Litigation advising this Court:

> If you have a motion pending-such as a motion to remand to state court (if the action was removed to your court)-you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue ...

7. In Shields v. Bridgestone/Firestone, Inc., 232 F. Supp. 2d 715 (E.D. Tex. 2002), in denying a request for a stay of the case pending transfer to an MDL proceeding and in remanding the case to state court, the court stated:

> The Honorable William Terrell Hodges, Chairman of the Judicial Panel on Multidistrict Litigation, specifically addressed in a letter to this court the continuing ability of transferor courts to rule on motions like the one now before the court: "Thus your jurisdiction continues until any transfer becomes effective. If you have a motion pending before you in the action – **particularly a motion to remand to state court** (if the action was removed to your court) – you are **encouraged** to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there." Letter from Chairman William Terrell Hodges, dated September 30, 2002.

Id. at 718 n.1 (emphasis original)); Tramonte v. Chrysler Corp., Civil No. 95-2109, 1999 WL 440456, at *1 (E.D. La. June 28, 1999) (in denying request for stay in case as to which removing defendant had filed motion asking JPML to transfer case to MDL proceeding and granting motion to remand, noting that in letter dated June 11, 1999, from JPML to court "the [JPML] states that, if possible, it would prefer that this Court make a determination on the motion to remand before the [JPML's] July 22, 1999 hearing on the motion to transfer"); Bell v. Prudential Ins. Co., No. CIV.A.3:97-CV-340BN, 1997 WL 33708408, at *4 (S.D. Miss. Sept. 4, 1997) (remanding case prior to transfer of case to MDL proceeding in view of letter to court from

JPML chairman stating, "**In the [JPML's] experience, such motions to remand to state court often involve questions unique to an action that are well suited for decision prior to [section] 1407 transfer. Accordingly, we would be most appreciative if you would consider ruling on this motion before our hearing if its status, in your opinion, permits you to do so.**") [Emphasis in original].

### III. IT IS COMMON PRACTICE FOR UNITED STATES DISTRICT COURTS TO RULE ON MOTIONS TO REMAND BEFORE GRANTING STAYS, AND THIS HONORABLE COURT HAS PREVIOUSLY FOUND IT PROPER TO DO SO UNDER INDISTINGUISHABLE CIRCUMSTANCES.

8. District Courts throughout the United States have recognized that, in all but **exceptional cases**, "motions to remand are to be considered prior to disposing of motions to stay pending MDL transfer" because "if the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL." Craft v. United Ins. Co. of Am., 2002 WL 32509283, at *1 (S.D. Miss. Jan. 17, 2002)(collecting cases). In Craft, the court explained:

> The most prevalent result, however, is that motions to remand are to be considered prior to disposing of motions to stay pending MDL transfer. The principle recognized in these cases is that if the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL. Since the district court is invested with the same authority to consider federal jurisdiction as the MDL, **these cases advocate disposing of the jurisdictional issue at the onset** …. [S]ince the district court is empowered to decide preliminary issues while the MDL deliberates, a stay is rarely advisable.

Craft, 2002 WL 32509283, at **1-2 (quoting Dantzler, 2000 WL 34333156, at **1-2) (citations omitted) (Emphasis added). *See also* Weisman v. Southeast Hotel Props. Ltd. P'ship, No. 91 CIV. 6232 (MBM), 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) (noting that stay of case pending transfer to MDL proceeding is "rarely….advisable").

9. In Meyers v. Bayer AG, 143 F. Supp. 2d 1004 (E.D. Wis. 2001), the Court laid out in detail all of the considerations supporting the consideration of a motion for remand of a case to state court pending transfer of the case by the JPML:

4

> Although <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936),] might be read to empower me to stay the case without making any effort to verify jurisdiction, I am, nevertheless, reluctant to do so. First, <u>Steel Co. v. Citizens for a Better Environment,</u> 523 U.S. 83 (1998),] emphasized the constitutional importance of the "jurisdiction first" principle. Second, 28 U.S.C. § 1447(c) directs that "[i]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." (emphasis added). This section dictates that a judge should give at least some consideration to a remand motion. The third reason is judicial economy. "If the limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the [transferor] court….should dismiss the case rather than waste the time of another court." <u>Phillips v. Seiter</u>, 173 F.3d 609, 611 (7th Cir. 1999)….The fourth reason is that even though a stay does not directly implicate the merits of a case, it undeniably has important effects on the litigation. A plaintiff may carefully craft a state court complaint in order to avoid litigating the matter in federal court….Justice Holmes observed that "the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill."

<u>Meyers</u>, 143 F. Supp. 2d at 1048 (quoting <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913)). If this Court's "first step" suggests that removal was improper, then it should "promptly complete its consideration and remand the case to state court." <u>Id.</u> at 1049. *See also* <u>Chinn v. Belfer</u>, Civil No. 02-00131-ST, 2002 WL 31474189, at *3 (D. Or. June 19, 2002) (in denying request for stay of case pending transfer of case to MDL proceeding, conducting preliminary assessment of merits of plaintiffs' request for remand of case to state court and concluding that, where "the jurisdictional issue is not factually or legally difficult," stay would be denied and case would be remanded to state court).

10.   This Honorable Court recently rejected this Defendant's arguments in the first removal in <u>Allen I</u>, supra, stating:

> "A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." <u>Spears v. Fresenius Med. Care N. Am., Inc.</u>, 4:13-CV-855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (citations omitted). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." Id. Waiting for a decision by the JPML before ruling on the motion

5

to remand "would not promote the efficient administration of justice." Id. Accordingly, defendant's motion to stay will be denied.

The Court's reasoning in Allen I is directly on point and applies with equal force here.

11. In addition, four other judges in this District have reached the same conclusion and denied motions to stay pending transfer to an MDL under the same circumstances. *See* The Honorable Mary Ann Medler's Memorandum Opinion granting remand and denying motion to stay in Hall, et al. v. GlaxoSmithKline, LLC, 706 F. Supp. 2d 947 (E.D. Mo. June 16, 2010); The Honorable Audrey Fleissig's Memorandum and Order granting remand and denying motion to stay in Dickerson, et al. v. GlaxoSmithKline, LLC, 2010 U.S. Dist. LEXIS 69070, 2010 WL 2757339, Case No. 4:10CV00972 AGF (E.D. Mo. July 12, 2010); The Honorable Audrey Fleissig's Memorandum and Order granting remand and denying motion to stay in Townsend, et al. v. Hoffman-La Roche, Inc., et al., 2011 U.S. Dist. LEXIS 98964, Case No. 4:11CV01420 AGF (E.D. Mo. September 1, 2011); The Honorable Stephen N. Limbaugh, Jr.'s Memorandum and Order granting remand and denying motion to stay in Aurillo, et al., v. GlaxoSmithKline, LLC, 2010 U.S. Dist. LEXIS 68348, 2010 WL 2735663, Case 4:10CV00968-SNLJ (E.D. Mo. July 9, 2010); The Honorable Stephen N. Limbaugh, Jr.'s Memorandum and Order granting remand and denying motion to stay in Coleman v. Bayer Corp., 2010 U.S. Dist. LEXIS 143673, Case No. 4:10CV1639-SNLJ; (E.D. Mo. Dec. 10, 2010); and The Honorable Terry I. Adelman's Memorandum and Order granting remand and denying motion to stay in Hudson, et al. v. GlaxoSmithKline LLC, 2010 U.S. Dist. LEXIS 72650, 2010 WL 2926535, Case No. 4:10CV00970-TIA (E.D. Mo. July 20, 2010).

## IV. JUDICIAL ECONOMY.

12. Judicial economy will best be served by a ruling on Plaintiffs' Motion to Remand by this Court, rather than a transferee court. A remand ruling by this Court is dispositive as to all

issues in this case and will ensure that this case proceeds expeditiously in the Circuit Court for the City of St. Louis, the proper forum for adjudication of this suit. *See* Nauheim v. Interpublic Group of Cos., No. 02-C-9211, 2003 WL 1888843, at *2 (N.D. Ill. Apr. 16, 2003) (denying request for stay of case pending transfer to MDL proceeding and granting plaintiff's motion for remand of case to state court: "Judicial economy...drives our decision to first examine Plaintiff's motion to remand because that examination may, as Plaintiff suggests, be dispositive as to both motions."); Villarreal v. Chrysler Corp., No. C-95-4414 FMS, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Defendant requests a stay on the basis that this and two other putative class actions will be consolidated and transferred to the Eastern District of Michigan by the [JPML] pursuant to 28 U.S.C. § 1407. Consistent with the directives of the [JPML], a stay is improper. Judicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum."); Spitfaden v. Dow Corning Corp., No. CIV. A. 95-2578, 1995 WL 662663, at *1 n.1 (E.D. La. Nov. 8, 1995) (citing Manual for Complex Litigation (Third) §31.131)) (rejecting request by defendant to defer ruling on motion to remand pending transfer of case to MDL proceeding: "[T]he transferor court, the Eastern District of Louisiana in this case, retains exclusive jurisdiction until the § 1407 transfer becomes effective and, as such, motions to remand should be resolved before the [JPML] acts on the motion to transfer.").

13. The removal of this case presents issues of diversity jurisdiction that revolve around the specific facts of this case, rather than involving questions of general law, such that determination by this Court is appropriate. As set forth in Plaintiffs' Motion to Remand, it is undisputed that Defendant has waived any right to federal diversity jurisdiction due to its untimely removal. Furthermore, there is no substantive basis for removing the case because the purportedly "fraudulently misjoined" plaintiff has a colorable claim. It is the Defendant who is

7

wasting this Court's time and that of the JPML by this last-minute effort to remove this case when diversity jurisdiction is manifestly absent.

## CONCLUSION

14. Defendant's removal of this case is patently improper and is a waste of federal judicial resources. There is no reason Defendant should be granted a stay when this Court does not have subject matter jurisdiction. Plaintiffs therefore respectfully request that the Court first consider the question of federal jurisdiction in this case and, after analyzing the remand motion, deny Defendant's Motion to Stay, and order remand of this case to the Circuit Court for the City of St. Louis.

WHEREFORE, Plaintiffs respectfully submit Plaintiffs' Memorandum of Law in Opposition to Defendant Bayer Healthcare Pharmaceuticals Inc.'s Motion for Stay and move this Court make and enter its Order denying Defendant's Motion to Stay.

          Respectfully submitted,

          DOWD & DOWD, P.C.

By:   /s/ Douglas P. Dowd
      Douglas P. Dowd, 29240MO
      William T. Dowd, 39648MO
      211 North Broadway, Ste. 4050
      St. Louis, MO 63102
      (314) 621-2500
      (314) 621-2503 facsimile

      And

      John J. Driscoll, 54729MO
      THE DRISCOLL FIRM, P.C.
      211 N. Broadway, 40th Floor
      St. Louis, MO 63102
      (314) 932-3232
      (314) 932-3233 facsimile

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on this 11th day of March, 2014, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

      /s/   Douglas P. Dowd