**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEISHA ALLEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  4:14-cv-0420-CEJ** |
| | ) | |
| **BAYER HEALTHCARE** | ) | |
| **PHARMACEUTICALS INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

COME NOW Plaintiffs and for Plaintiffs' Reply in Support of Plaintiffs' Motion to Remand state as follows:

1.      This Court remanded this same action just a few weeks ago, holding *sua sponte* that the Defendant had not established the amount in controversy requirement for diversity jurisdiction.  Now, after the one-year period for removal has run, Defendant has filed a de facto motion for reconsideration in the form of a second removal, offering new arguments in hopes of establishing that the amount in controversy requirement was satisfied. **Indeed, Defendant openly admits that its second removal of this case is for the purpose of "additional briefing" on the issue of the amount in controversy requirement.** *See Defendant's Memorandum in Opposition, pp. 14-15.*

2.      The only purpose of Defendant's second removal is to offer additional arguments regarding the amount in controversy. While Defendant seeks to relitigate the precise issue decided by the Court in its prior order remanding this case, i.e. whether Defendant has established the amount in controversy by a preponderance of the evidence, Defendant cites no new discovery, the addition or dismissal of any parties, or any other new development requiring

the Court to address the legal requirements for diversity jurisdiction in this case yet again. Plaintiffs respectfully submit that to permit serial removals that ask the Court to reconsider its prior remand rulings by raising additional arguments that Defendant failed to raise in the first instance would establish an unsustainable precedent. The case should be remanded for this reason alone.

3.     Even if the Defendant is permitted to relitigate the issue of the amount in controversy requirement, this issue is ultimately irrelevant. Even if the amount in controversy requirement were satisfied based on the medical records produced to Defendant by Plaintiff, **there is no set of facts** under which Defendant's first removal on the basis of fraudulent joinder, let alone its second removal on that same basis, would be timely and proper.

**I.     THIS ACTION MUST BE REMANDED BECAUSE IT IS UNCONTROVERTED THAT DEFENDANT HAS FAILED TO REMOVE THIS CASE WITHIN ANY THIRTY DAY PERIOD UNDER 28 U.S.C. §1446.**

4.     Defendant's Memorandum in Opposition to Remand goes into great detail about the Plaintiffs' medical records and injuries and why the amount in controversy has been satisfied. However, Defendant does not identify the date that it received the medical records it relies on in arguing fraudulent joinder or the amount in controversy, and whether or not they were received within 30 days prior to removal. Defendant's second removal, as with its first removal, is untimely and Plaintiffs' Motion to Remand should be granted for that reason alone.

5.     Although Defendant spends a great deal of time on the issue, the amount in controversy is not the primary basis for Defendant's assertion of diversity jurisdiction. On the face of the pleadings, the case is non-diverse, and Defendant is relying on the fraudulent joinder theory. Therefore satisfaction of the amount in controversy alone would have been insufficient for removal. Indeed, Defendant alleges that both the amount in controversy requirement and the requirements of fraudulent joinder are satisfied by the Complaint and the medical records

produced by Plaintiffs, **but Defendant offers no cogent explanation for why it then failed to remove within 30 days of receiving those documents.** In other words, even if the amount in controversy requirement were established beyond a preponderance of the evidence based on either the allegations in the Complaint or the facts disclosed through discovery, Defendant's first and second removals would both be untimely.

6. Defendant seemingly admits that it did not remove during any 30 day period triggered by either the service of the petition or the receipt of some 'other paper.' Due to its first removal being untimely (and this second removal even more so) Defendant instead invents a legal principle: That the medical records received by Defendant, while purportedly demonstrating that the amount in controversy is satisfied and demonstrating fraudulent joinder, at the same time did not start the 30 day period for removal because:

> The Eighth Circuit has adopted a "bright-line rule" that the thirty-day time limit of 28 U.S.C. Section 1446(b) does not begin to run until receipt of a complaint or other paper that "explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."

7. The "bright line rule" relied on by Defendant, set forth in *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) and referenced in the cases cited by Defendant, refers to jurisdictional statements in complaints. It does not stand for the proposition that a Defendant can remove a case whenever it likes, without regard to the 30 day period for removability under § 1446(b).[1]

---

[1] *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000), must be read subject to the recent amendments to the diversity statute. *Willis* held that the initial 30 day period for removal is tolled where the jurisdictional statement is not included in the Complaint. However, 1446(c) has since been amended to provide for an initial removal where, as in Missouri, plaintiffs are not permitted to make demand for a specific sum, stating that "(A) the notice of removal may assert the amount in controversy **if the initial pleading** seeks … (ii) a money judgment, but **the State practice either does not permit demand for a specific sum** or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of

*See Fun Servs. of Kan. City, Inc. v. Love*, 2011 U.S. Dist. LEXIS 52011 (W.D. Mo. May 11, 2011)("Defendant cites *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000), but this case holds an initial pleading must 'explicitly disclose' a sufficient amount in controversy to trigger the 30-day removal period. **Willis does not apply to a 'motion order, or other paper'** under 28 U.S.C. § 1446(b).") Indeed, the very cases cited by Defendant contradict this assertion, and do not alter either (a) the requirement of a subsequent triggering event for the case to become again removable, or (b) the preclusive effect of failing to remove within 30 days of that event. *See, e.g.* *Hesser v. Home Depot U.S.A., Inc*., 2013 U.S. Dist. LEXIS 65502 (E.D. Mo. May 8, 2013)("**the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable**); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)("Following an initial round of discovery wherein Willis filed an Offer of Judgment in the amount of $ 75,001, Willis removed the action to federal court under 28 U.S.C. § 1441(b)"); *Branham v. Hunter's View, Ltd*., 2011 U.S. Dist. LEXIS 47414 (E.D. Mo. May 3, 2011)("Within thirty days of receiving Plaintiff's list of medical bills, Hunter's removed the case to federal court."); *Metzger v. Wal-Mart Stores, Inc*., 2007 U.S. Dist. LEXIS 62387 (E.D. Mo. Aug. 23, 2007)("The thirty-day

---

the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." This is precisely what Defendant alleged in its initial removal – that the amount in controversy was satisfied by the allegations on the face of the Complaint. It is also precisely what the Court found the Defendant had failed to establish. The further problem for Defendant is that § 1446(c), as amended, does not alter the requirements of §1446(b) and clearly relates to removal within 30 days of the filing of the initial pleading, which Defendant failed to do. Even if the 1446(c) procedure for determining the amount in controversy is read as applying to the 30 day period for removal after receipt of 'other papers,' the removal here is still untimely because it is uncontroverted that Defendant failed to remove within 30 days of receiving the discovery on which it based its removal.

removal period was triggered by the plaintiff's settlement demand letter. A demand letter qualifies as 'other paper' under 28 U.S.C. § 1446(b)").

8.      Instead, and as cited by Plaintiffs, the standard for removal after receipt of 'other papers' is "at what point [Defendant] **could have intelligently ascertained** that the action was removable through **reasonable scrutiny of the pleadings and facts of the action as it developed in state court**."[2] *Bachman v. A.G. Edwards*, 2009 WL 2182345, *3 (E.D.Mo. 2009) [Emphasis supplied]. Defendant fails to rebut the facts set out in Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Remand, including (1) that Defendant received 207 pages of Plaintiff Pamela Barlow's medical records on **May 28, 2013** which show the removal of the Mirena IUD took place before November of 2009; and (2) that Defendant had received Plaintiffs' Objections and Responses to Defendant's Second Set of Interrogatories to Plaintiff Barlow on **November 6, 2013,** in which Plaintiff stated that her Mirena was removed in 2009. Defendant certainly could have "intelligently ascertained" Plaintiff Barlow's assertions regarding her date of Mirena removal after a "reasonable scrutiny" of the medical records which Defendant received more than 8 months before filing the Notice of Removal. There is simply no factual dispute that Defendant had these documents and knew the facts well before December 31, 2013 and did not file its Notice of Removal within 30 days of obtaining those documents.

9.      Notably, Defendant does not point to any alternative receipt of other papers which would make the case removable. There are none. Instead, and because of Defendant's delay in originally removing this case after receipt of these documents, Bayer now contends that *no* event

---

[2] Defendant spends much time arguing that a 'subjective test' regarding the triggering of the right to remove has been rejected, but of course this test is objective – whether the Defendant "could have" determined the existence of federal diversity jurisdiction based on the information provided.

triggering removal has occurred, but somehow Defendant is entitled to remove anyway. *See Defendant's Memorandum in Opposition, p. 9.* ("Bayer is not limited to removing only within the thirty-day time periods for removal described in 28 U.S.C. Section 1446(b).")  The case cited by Defendant for this proposition, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. Cal. 2013), in fact demonstrates Defendant's error.[3]  In *Roth*, the district court had held that the defendants "could not remove based on information discovered by [Defendant], as opposed to information contained in the FAC **or some other document received from plaintiffs."**  The Ninth Circuit held that "a defendant [may] remove outside the two thirty-day periods **on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines**." *Id.*

10.    Defendant's fraudulent joinder theory is premised on the statute of limitations having run as to non-diverse plaintiff Barlow, and **is based entirely on information provided by Plaintiffs to Defendant** - namely Plaintiffs' discovery responses and medical records. Even under the Ninth Circuit's expansive reading of § 1446(b) in *Roth*, because this information came from Plaintiffs, **Defendant would still be required to remove within thirty days of receiving it**. Defendant did not do so.

## II.    DEFENDANT CANNOT SHOW AN EXCEPTION TO THE ONE YEAR BAR ON REMOVAL.

11.    Further, Defendant Bayer has filed this removal more than 1 year after the case was originally filed in the Circuit Court for the City of St. Louis.  Thus, Defendant requires not only an applicable exception to the 30 day requirement of 1446(b)(3), but also a **second**

---

[3] *Roth* is a recent opinion issued by the United States Court of Appeals for the Ninth Circuit, whose holding has never been adopted by the Eighth Circuit.

**exception** to make its new removal timely under the 1 year bar on removals contained in 1446(c)(1).

12.     Furthermore, Defendant cannot show that any exception to the 1 year absolute bar applies. Defendant first argues that Plaintiffs deliberately prevented removal by not pleading or disclosing the amount in controversy, under 28 U.S.C. §1446(c)(3)(B). However, Plaintiffs were barred from pleading the amount in controversy by Missouri Rule of Civil Procedure 55.19 (Where damages are "based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable.") As set forth above, the diversity statute has been amended to provide for removal in states like Missouri where such rules exist. Defendant alleges that the amount in controversy is apparent from the face of the Complaint (i.e. Petition), yet Defendant did not remove within 30 days of the Complaint being filed. Furthermore, if Plaintiffs intended to use the amount in controversy as a defense to removing this case, Plaintiffs would have raised the amount in controversy issue in opposing Defendant's removal of the case the first time. Plaintiffs did not. The amount in controversy issue was raised *sua sponte* by the Court. Defendant cannot reasonably allege that Plaintiffs acted with a deliberate intention to prevent removal with regard to an issue that Plaintiffs did not even raise before the Court.

13.     Defendant further alleges that "fraudulent joinder" is the equivalent of "bad faith," and therefore the "bad faith exception" contained in 28 U.S.C. § 1446(c)(1) applies.  First of all, Defendant attempts to conflate the definition of "fraudulent joinder" with the bad faith exception under 28 U.S.C. § 1446(c)(1). Courts have rejected a conflation of the two, because it ignores the fact that "the '**bad faith' exception under § 1446 governs the *timing* of removal**. By contrast, 'fraudulent joinder' is a court-created doctrine that pertains to a federal court's

subject matter jurisdiction to hear a case in the first place." *Ehrenreich v. Black*, 2014 U.S. Dist. LEXIS 7283 (E.D.N.Y. Jan. 17, 2014)("The court emphasizes  that it is far from clear that the 'bad faith' and 'fraudulent joinder' standards are one and the same").

14.     Here there is no evidence of fraudulent joinder or 'gamesmanship' with regard to the 1 year bar on removal. Plaintiffs provided timely discovery responses to Defendant, long before the 1 year ban had run, on which Defendant's fraudulent joinder argument for removal was based. Defendant took the position in removing the case the first time that this discovery demonstrated fraudulent joinder, thereby creating federal subject matter jurisdiction. The 1 year bar has now passed, but this does not somehow give Defendant the right to remove a second time, on an identical legal basis, for the purpose of providing "additional briefing" that could have been provided in first removal. The fact that Defendant's duplicative second removal has been brought beyond the 1 year deadline for removal is simply not evidence of bad faith on the part of Plaintiffs.

15.     Finally, Defendant alleges that this second removal should equitably "relate back" to its first removal, because the second removal is for the purpose of providing "additional briefing" on the issue of the amount in controversy. Defendant does not cite a single case in support of the assertion that a second removal equitably relates back to a first removal for purposes of tolling the 1 year period under 28 U.S.C. § 1446(c)(1). Instead, Defendant provides excuses for not raising additional arguments regarding the amount in controversy the first time it removed; and implicitly criticizes the Court for not requesting additional briefing *sua sponte* on the issue of the amount in controversy prior to remanding the case. *See Defendant's Memorandum in Opposition, pp. 15-16*.

16.     Based on the facts and Defendant's own grounds for removing this case, Defendant's removal was not timely as a matter of law. For this reason, Plaintiffs respectfully submit that federal subject matter jurisdiction does not exist and therefore this case should be remanded to the Circuit Court of the City of St. Louis, State of Missouri.

## REQUEST FOR EXPEDITED CONSIDERATION

17.     Plaintiffs recently received the Judicial Panel on Multidistrict Litigation's briefing schedule for this case, attached hereto as *Exhibit 1*, which states that Plaintiffs must file their Motion to Vacate CTO-37 with Brief in Support by next Wednesday, April 2, 2014. If Defendant Bayer were to file its Response to this Brief on April 3, 2014, this case could be transferred to the Mirena MDL as early as **next Friday, April 4, 2014**. Therefore, Plaintiffs respectfully renew their request for expedited consideration.

WHEREFORE, Plaintiffs respectfully submit Plaintiffs' Reply in Support of Plaintiffs' Motion to Remand and move this Honorable Court make and enter its Order remanding this case to the Circuit Court of the City of St. Louis, State of Missouri, pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

DOWD & DOWD, P.C.


By:     /s/ Douglas P. Dowd
        Douglas P. Dowd, 29240MO
        William T. Dowd, 39648MO
        211 North Broadway, Ste. 4050
        St. Louis, MO 63102
        (314) 621-2500
        (314) 621-2503 facsimile

        And

        John J. Driscoll, 54729MO
        THE DRISCOLL FIRM, P.C.
        211 N. Broadway, 40th Floor

St. Louis, MO  63102
(314) 932-3232
(314) 932-3233 facsimile


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 25th day of March, 2014, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.


/s/    Douglas P. Dowd