UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEISHA ALLEN, et al., )
)
    Plaintiffs, )
)
vs. ) Case No. 4:14-CV-420 (CEJ)
)
BAYER HEALTHCARE )
PHARMACEUTICALS, INC., )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to stay and plaintiffs' motion to remand and request for expedited consideration. The issues are fully briefed.

### I.    Background

On February 5, 2013, twenty-five plaintiffs filed this products liability action in the Circuit Court for the Twenty-Second Judicial Circuit (City of St. Louis), seeking monetary damages for injuries they allegedly sustained as the result of the use of Mirena®, an intrauterine contraceptive system, manufactured by defendant Bayer Healthcare Pharmaceuticals, Inc. Defendant removed the action on January 31, 2014 based on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Allen v. Bayer, 4:14-CV-178 (CEJ). In support of its removal petition, defendant contended that two of the plaintiffs were fraudulently joined. Plaintiffs sought remand, arguing that complete diversity was absent and that the removal was untimely. Defendant also requested the Court to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) ruled on their motion to transfer this case to the MDL proceeding, In re: Miranda IUD Products Liability Litigation, MDL No. 2434.

On February 20, 2014, this Court issued an order denying defendant's request for a stay and remanding the action. See Doc. #21, Allen v. Bayer, 4:14-CV-178-CEJ

(E.D. Mo. Feb. 20, 2014). This Court held that a stay would be contrary to the efficient administration of justice and that, despite the fraudulent joinder of two of the plaintiffs, the defendant failed to establish that the amount in controversy was greater than $75,000. Because of defendant's failure to establish the jurisdictional amount, the Court did not address the merits of plaintiffs' argument that the removal was untimely. See id. at 9 ("The timing of the removal, while relevant, is not as important as the jurisdictional issue.").

On March 6, 2014, defendant removed the action for a second time and filed a motion to stay the proceedings which is *identical* to its first motion to stay. Compare Doc. #10 (motion to stay in instant case); Doc. #8 (motion to stay in Allen v. Bayer, 4:14-CV-178-CEJ). Plaintiffs oppose the motion to stay and seek remand, arguing that defendant's removal is untimely.

II. Discussion

In support of its second removal petition, defendant explains that it "does not take issue with this Court's prior finding that Bayer did not meet its burden by presenting evidence to establish the amount in controversy. Bayer is merely taking the direction of this Court to meet that burden by presenting additional evidence." [Doc. #16, at 2]. Defendant's interpretation of the remand order is misplaced. The defendant had the opportunity to establish federal jurisdiction by a preponderance of the evidence when it filed its first notice of removal. The Court was in no way instructing the defendant to refine its argument in order take a second bite of the apple and relitigate the amount in controversy. Furthermore, the Court will not entertain defendant's second motion to stay and will deny the motion for the same reason it was originally denied.

However, even if the remand order could reasonably be construed as an invitation to file a second notice of removal, the "additional evidence" presented by the defendant ultimately works against its favor. Defendant argues that plaintiffs' medical records obtained through discovery, along with "the extensive and serious allegations of the Petition," reflect that the amount in controversy exceeds $75,000. Defendant points to and summarizes the medical records of several of the plaintiffs who suffered from either a perforated or embedded uterus requiring surgical removal of the Mirena IUD. Defendant reasons that these serious injuries, in conjunction with the extensive damages sought in the complaint, show by a preponderance of the evidence that the damages are greater than $75,000.

If the Court accepts the defendant's argument and finds that it has now sufficiently established the amount in controversy, the defendant is still foreclosed from removal because removal should have occurred within 30 days of the receipt of these medical records. 28 U.S.C. § 1446(b)(3) states, in pertinent part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days after receipt by defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*.

(emphasis added).

In the instant case, plaintiffs' initial pleading was not removable. The Eighth Circuit has held that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint *explicitly discloses* the plaintiff is seeking damages in excess of the federal jurisdictional amount." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (emphasis added) (citing Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)). "Missouri state court petitions . . . which seek an

unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal." Levinson v. Cincinnati Ins. Co., 4:13-CV-1595-CAS (E.D. Mo. Sept. 26, 2013) (citing Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011)). Therefore, because plaintiffs' "complaint did not explicitly state the amount in controversy, [the] complaint did not trigger the running of § 1446(b)'s thirty-day deadline." Knudson, 634 F.3d at 974.

Thus, "the Court must determine at what point [d]efendants could have intelligently ascertained that the action was removable[.]" Bachman v. A.G. Edwards, 2009 WL 2182345, *3 (E.D. Mo. July 22, 2009) (quoting Stewart v. Mayberry, 2009 WL 1735773, *2 (E.D. Mo. June 18, 2009)). "In determining whether the basis for removal was ascertainable, judges in the Eastern District of Missouri have examined whether the defendant had 'clues' regarding the existence of federal jurisdiction and whether he or she timely pursued those 'clues.'" Id.

The defendant admits that "the jurisdictional amount [was] evidenced by plaintiffs' medical records and allegations." [Doc. #16, at 4-6]. Accordingly, the date defendant received the medical records marks the start of the 30-day removal period because it is the date in which the jurisdictional amount could have been ascertained or clued into the existence of federal jurisdiction. However, defendant conveniently fails to inform the Court of when it received these medical records. Instead, defendant argues that the 30-day period does not apply to the instant case because no paper explicitly disclosed that the amount in controversy was greater than $75,000. Defendant's argument is misplaced. 28 U.S.C. § 1446(b)(3) clearly states that the 30-day period begins at the time when the defendant can *ascertain* the jurisdictional

amount, not when plaintiff explicitly discloses the exact amount sought. Because defendant does not dispute plaintiffs' contention that defendant was in possession of the medical records prior to December 31, 2013 —30 days before defendant filed its first notice of removal—the Court finds that removal is untimely.

* * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendant's motion to stay proceedings pending the decision of the Judicial Panel on Multidistrict Litigation [Doc. #10] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2014.